UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL LEE ANDERSON                                                         PLAINTIFF
ADC #130293

V.                         No. 4:20-CV-01195-JM-JTR

WENDY KELLEY, Former Director,
ADC, *et al.*                                                               DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

On October 7, 2020, Plaintiff Michael Lee Anderson ("Anderson"), a prisoner at the Maximum Security Unit ("MSU") of the Arkansas Division of Correction ("ADC"), filed an § 1983 action that initially attempted to assert six separate and unrelated claims against twenty ADC officials. *Doc. 2*. After the Court gave

Anderson thirty (30) days to file a Substituted Complaint limited to one of the six separate and unrelated claims (*Doc. 5*), Anderson filed a Substituted Complaint alleging that six ADC Defendants violated his constitutional rights in relation to a disciplinary conviction. *Doc. 6*. Before Anderson may proceed with this case, the Court must screen his claims.[1]

## II. Discussion

Anderson alleges that on August 7, 2017, several prisoners escaped from the recreation yard, attacked two guards, released inmates, and took control of the East Isolation area at MSU for several hours, until order was eventually restored. *Doc. 6 at 4-7*. Anderson alleges that he was not a participant in the riot, but instead was attacked and beaten by some of the rioters. *Id*.

On August 17, 2017, Anderson filed a grievance against MSU officials for failing to protect him. *Id. at 7*. The next day, Anderson alleges that Defendant Cynthia Gaines ("Gaines") filed a disciplinary report against him that falsely asserted he participated in the riot even though he contends he was not involved. *Id. at 7-11*.

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To survive the screening process, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Gaines's disciplinary report stated:

On August 8, 2017 at approximately 8:00 A.M. I Cpl. Cynthia Y. Gaines began an investigation into a hostage incident that occurred at the Maximum Security Unit on August 7, 2017 at approximately 3:17 pm where several inmates escaped from the recreation yard, released other inmates, destroyed state property, assaulted several inmates and held three officers hostage. During the investigation it was discovered through video surveillance that two inmates escaped through a hole in the fence on the recreation yard, entered the back door of East Isolation where they attacked Lt. Willie Carmickle, and Sgt. Levester Johnson, getting their keys, chemical agent spray and radio. After being release [sic] from his cell Inmate Anderson and several inmates went to east isolation control booth and threatened Cpl. George Thomas with bodily harm if he did not give them the key. Inmate Anderson along with other inmates that [sic] began to use the broom handles to get keys from the control booth and began releasing other inmates from their cells. Inmate Anderson and the other inmates then proceeded to destroy state property by tearing down cameras, breaking light fixtures, breaking out windows totaling $10,989.83 damages, as well as assaulting Cpl. George Thomas, Inmates Galan Langley #501160, and Barry Turner #097339. The investigation was concluded on August 14, 2017 at approximately 1:45 p.m. Therefore I Cpl. Cynthia Y. Gaines am charging Inmate Michael Anderson #130293 with the following rule violations 01-1, 12-3, 04-5, 02-21, 09-1, 16-1.

*Doc. 6 at 19.*[2]

---

[2] Anderson was charged with the following disciplinary violations:
01-1   Banding together for any reason which disrupts unit operations which may include taking over any part of the unit or property of the Department, seizing one or more persons as hostages, or interrupting operations.
12-3   Failure to obey verbal and/or written order(s) of staff.
04-5   Aggravated Battery—Use of a weapon in battery upon another person (not an inmate).
02-21   Running, avoiding, or otherwise resisting apprehension.
09-1   Possession/introduction of any firearm, ammunition, weapon, fireworks, explosive, unauthorized combustible substance, or unauthorized tool.
16-1   Escape or attempt to escape from the custody of the department of correction.

Defendant Major Cordall Atkins ("Atkins") signed off on Gaines's report and recommended a disciplinary hearing on the charges. *Id. at 10*. On August 22, 2017, a disciplinary hearing was held before Defendant Hearing Officer Keith Waddle ("Waddle"). Anderson pled not guilty to each charge and submitted an affidavit from inmate Barry Turner stating that Anderson was not one of the inmates involved in assaulting him. *Id. at 23*. Waddle found Anderson guilty of three of the six charges,[3] and sentenced him to 60 days loss of commissary, phone and visitation privileges, 30 days of punitive isolation, a reduction in class, and ordered Anderson to pay $10,989.83 in restitution. *Id. at 12 & 21*.

Anderson appealed Waddle's decision to Defendant Warden Danny Berl ("Berl"), then to Defendant Disciplinary Hearing Administrator Raymond Naylor ("Naylor"), and then to Defendant Wendy Kelley ("Kelley"), who was the ADC Director at that time. Each of those Defendants affirmed Waddle's decision convicting Anderson of the disciplinary violations. *Id. at 14-15*.

Anderson alleges that: (1) the disciplinary charges filed against him were false and made in retaliation for his grievance; and (2) his due process rights were violated

---

[3]Anderson was found guilty of violating: 01-1, Banding together for any reason which disrupts unit operations which may include taking over any part of the unit or property of the Department, seizing one or more persons as hostages, or interrupting operations; 09-1, Possession/introduction of any firearm, ammunition, weapon, fireworks, explosive, unauthorized combustible substance, or unauthorized tool; and 16-1, Escape or attempt to escape from the custody of the department of correction.

because he was not charged with destruction of property but was ordered to pay restitution for property damaged during the riot. *Id. at 8-12*. Anderson named Gaines, Atkins, Waddle, Berl, Naylor, and Kelley as Defendants. He seeks monetary damages against them, and requests the Court to reverse the restitution order.

### A. **Anderson Claims that the Disciplinary Charges Against Him Were False and Retaliatory**

The filing of a false disciplinary charge is not itself actionable under § 1983. *Dixon v. Brown,* 38 F.3d 379, 379 (8th Cir. 1994); *Sprouse v. Babcock,* 870 F.2d 450, 452 (8th Cir. 1989). Only the filing of a false disciplinary charge issued in retaliation for an inmate's exercise of a constitutional right, as alleged here, can be actionable under § 1983. *See Sprouse*, 870 F.2d at 452. However, a retaliatory discipline claim fails, as a matter of law, if there was "some evidence" to support the disciplinary conviction. *See Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (holding that a finding that a disciplinary was based on some evidence "essentially checkmates" a retaliation claim); *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir.1993) (same). Furthermore, "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008); *see also Henderson*, 29 F.3d at 469. Importantly, this rule applies even if the report is written by the officer who is alleged to have engaged in the retaliatory conduct. *Id.*

5

In this case, Anderson's disciplinary conviction was supported by Defendant Gaines's written report, which the disciplinary hearing and appellate officers found to be credible. Accordingly, the Court concludes that Anderson has failed to state a viable retaliation claim.[4]

### B. Anderson's Due Process Claim Based on Him Being Ordered to Pay Restitution

Anderson also argues that his due process rights were violated because he was ordered to pay restitution for damage to state property, even though he was not charged or convicted of destruction of state property. Anderson seeks damages and to have the order of restitution reversed.

The Eighth Circuit has previously considered and rejected this argument in *Robertson v. Kelley*, No. 5:18-cv-00288-BRW-JTR, 2020 WL 1068352 (E.D. Ark. Feb. 20, 2020), a nearly identical case involving another MSU inmate who, like Anderson, was found guilty of disciplinary violations for his role in the same MSU

---

[4] To the extent Anderson alleges that the disciplinary charges and/or disciplinary hearing were untimely, the Court notes that the disciplinary charging report, which was attached to Anderson's Substituted Complaint, was issued seven (7) days after the incident, and Anderson's disciplinary hearing occurred 15 days after the incident. *Doc. 6 at 19-24*. This does not violate any constitutional or federal statutory right, and, even if ADC policy or state law dictated a quicker timeline, neither the violation of ADC policy nor a prison official's failure to follow such a regulation rises to the level of a § 1983 claim. *See Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) (no federal constitutional liberty interest in having state officers follow state law); *Valiant-Bey v. Morris*, 829 F.2d 1441, 1444 n.5 (8th Cir. 1987) (§ 1983 claim cannot be premised on violation of state regulation). Therefore, a claim that prison officials violated their own procedural guidelines regarding disciplinaries does not state an independent federal claim. *Hughes v. Lee County Dist. Court*, 9 F.3d 1366, 1367 (8th Cir. 1993).

6

riot and was then ordered to pay restitution, even though he was not charged with destruction of state property.[5] In rejecting Robertson's attempt to avoid the order of restitution, the Court held that *Heck v. Humphrey*, 512 U.S. 477 (1994)[6] barred him pursuing that claim, because if he were to prevail in overturning the restitution ordered as part of his disciplinary sentence, "it would 'necessarily imply the invalidity'" of his disciplinary conviction and sentence. *Id.* at *3.

Likewise, if Anderson were to prevail on his challenge to his restitution order, it would "necessarily imply the invalidity" of his disciplinary conviction and sentence. Therefore, under *Heck*, Anderson must first invalidate or overturn his disciplinary conviction and sentence, in a state court action, *before* he can property initiate a § 1983 action against Defendants to recover damages. *See Edwards v. Balisok*, 520 U.S. 641, 645–48 (1997) (extending *Heck* to prison discipline decisions).

As a matter of law, *Heck* bars the Court from deciding Anderson's claim challenging the hearing officer's decision to require him to pay restitution for

---

[5] Approved and adopted by *Robertson v. Kelley,* 2020 WL 1068122 (E.D. Ark. March 5, 2020); *summarily affirmed by Robertson v. Payne*, No. 20-1621, 2020 WL 5646435 (8th Cir. July 29, 2020).

[6] *Heck* held that, if a judgment in favor of a prisoner in a § 1983 action would "necessarily imply the invalidity" of a criminal conviction, continued imprisonment, or sentence, then no § 1983 claim for damages could be brought until the conviction or sentence was invalidated or overturned by the appropriate state court, or through a federal petition for writ of habeas corpus. *Id.* at 486-87.

destroying state property. Accordingly, the Court recommends that this claim be dismissed, without prejudice.[7]

### III. CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1.  Anderson's § 1983 Complaint and Substituted Complaint (*Docs. 2 & 6*) be DISMISSED IN THEIR ENTIRETY, WITHOUT PREJUDICE, for failure to state a claim upon which relief may be granted.

2.  The dismissal of this case be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).[8]

DATED this 3rd day of June, 2021.

_____
UNITED STATES MAGISTRAGE JUDGE

---

[7] *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (when a prisoner's § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice).

[8] *See Armentrout v. Tyra*, 175 F.3d 1023, at *1 (8th Cir. 1999) (unpub. table op.) (*Heck* dismissal counts as a "strike" under § 1915(g)); *see also In re Jones*, 652 F.3d 36, 38-39 (D.C. Cir. 2011) ("The circuit courts of appeal to address the question have held that the dismissal of a section 1983 lawsuit for damages based on prematurity under *Heck v. Humphrey* is for failure to state a claim, and constitutes a 'strike' under the PLRA.... We conclude that this result is consistent with *Heck*[.]") (collecting cases).