**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

MICHAEL LEE ANDERSON                                          PLAINTIFF
ADC #130293

V.                            No. 4:20-CV-1195-JM-JTR

WENDY KELLEY, Former Director;
DANNY BERL, Former Warden;
RAYMOND NAYLOR, Disciplinary
Hearing Administrator; and
KEITH WADDLE, Disciplinary
Hearing Officer, ADC                                         DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States

District Judge James M. Moody Jr. You may file written objections to all or part of

this Recommendation. If you do so, those objections must: (1) specifically explain

the factual and/or legal basis for your objection; and (2) be received by the Clerk of

this Court within fourteen (14) days of the date of this Recommendation. If you do

not file objections, Judge Moody may adopt this Recommendation without

independently reviewing all of the evidence in the record. By not objecting, you may

waive the right to appeal questions of fact.

### I.  Introduction

On October 7, 2020, Plaintiff Michael Lee Anderson ("Anderson") filed a *pro*

*se* § 1983 Complaint raising six separate and unrelated claims against twenty ADC

officials. *Doc. 2*. He was granted leave to file a Substituted Compliant, which was filed on November 30, 2020. *Doc. 5; Doc. 6*. After conducting an initial screening of Anderson's Complaint, the Court dismissed Anderson's entire case. *Doc. 10; Doc. 13*. Anderson appealed. *Doc. 16*.

The Eighth Circuit found that Anderson's due process claims were not *Heck*-barred and remanded those claims. *Doc. 24*. After rescreening the Complaint, Anderson was allowed to proceed with his claims that Defendants Wendy Kelley, Danny Berl, Raymond Naylor, and Keith Waddle violated his procedural due process rights. *Doc. 27-1*.

Pending before the Court is Kelley, Naylor, and Waddle's Motion for Judgment on the Pleadings. *Doc. 53*. Anderson has filed a Response and Supplemental Response. *Doc. 57; Doc. 72*. Thus, Motion is joined and ready for disposition.

## II.  Discussion

### A. Factual Allegations

When addressing a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), the Court applies the same standard used to address a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). When reviewing a Rule 12(b)(6) motion, the court must assume the truth of the factual assertions made in the plaintiff's pleadings. *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555–56 (2007). To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that his plausible on its face." *Id.*, at 570. The Court may consider the exhibits attached to the Complaint and take judicial notice of public documents, including other related court proceedings. *LeMay v. Mays*, 18 F.4th 283, 289 (8th Cir. 2021)*; Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

Accordingly, the Court assumes that following facts in deciding Defendants' Motion for Judgment on the Pleadings:

1.     On August 7, 2017, over the course of several hours, a group of inmates in the Tucker Maximum Security Unit held two prisoner guards hostage, destroyed cameras, shattered windows, attacked other inmates, and otherwise wreaked havoc on the prison. *Doc. 6 at 4–6.*

2.     On August 18, 2017, Corporal Cynthia Gaines filed a "false" disciplinary report against Anderson for allegedly attacking a prison guard and otherwise participating in the August 7 riot. *Doc. 6 at 7, 9.*

3.     The disciplinary report included allegations that, during the August 7 riot, "Anderson and the other inmates [] proceeded to destroy state property by tearing down cameras, breaking light fixtures, [and] breaking out windows totaling $10,989.83." *Doc. 6 at 19.*

4.      The disciplinary report charged Anderson with six rule violations but did not include a charge of "destruction of property." *Doc. 6 at 12, 19, 20–21*.

5.      Under ADC policy, "any inmate who is found guilty of destroying, damaging, or intentionally misplacing property may be ordered to make restitution in the amount of the replacement costs or the value of the property." *Doc. 6 at 29*.

6.      On August 21, 2017, Anderson received notice of the disciplinary report. *Doc. 6 at 8*.

7.      On August 22, 2017, Defendant Waddle held a disciplinary hearing on the charges against Anderson. *Doc. 6 at 10–11, 20–21*.

8.      At the end of the August 22 hearing, Waddle found Anderson guilty of three rule violations: "Banding together/Demonstration," "Possession/ Intro of Fireworks," and "Escape or Attempt to Escape." *Doc. 6 at 21*. As a result, Anderson: (1) lost commissary, phone, and visitation privileges for sixty days; (2) was placed in punitive isolation for thirty days; (3) received a class reduction; and (4) was ordered to pay $10,989.83 in restitution. *Doc. 6 at 12, 21*.

9.      On August 29, 2017, Anderson appealed the disciplinary conviction to Defendant Berl. Berl rejected the appeal on September 5, 2017. *Doc. 6 at 15–16, 22*.

10.      On September 15, 2017, Anderson appealed Berl's decision to Defendant Naylor. Naylor rejected the appeal on September 18, 2017. *Id.*

4

11.    On October 4, 2017, Anderson appealed Naylor's decision to Defendant Kelley. Kelley rejected the appeal on November 9, 2017. *Id.*

12.    On November 2, 2018, Anderson filed a claim with the Arkansas State Claims Commission seeking to recover the $10,989.83 in restitution. *Doc. 57 at 32–33*.

13.    On April 11, 2019, the Claims Commission dismissed Anderson's claim because "[i]t is beyond the scope and purpose of the Claims Commission to consider disciplinary issues or to insert itself into the [ADC's] disciplinary process." *Doc. 57 at 32*. In its Order, the Claims Commission noted that "[i]f [Anderson] believes that he was deprived of due process in the disciplinary process, that claim can be brought in a court of general jurisdiction. *See* Ark. Code Ann. § 19-10-204." *Doc. 57 at 33*.

14.    At the time of the Claims Commission's Order, the Ark. Code Ann. § 19-10-204 stated, in part, that "[t]he commission shall have jurisdiction only over those claims which are barred by the doctrine of sovereign immunity from being litigated in a court of general jurisdiction." Ark. Code Ann. § 19-10-204(b)(2)(A) (2018).

### B. Defendants' Motion for Judgment of the Pleadings

In their Motion for Judgment on the Pleadings, Defendants argue that this action must be dismissed because: (1) the applicable statute of limitations for § 1983

actions in Arkansas is three years; and (2) Anderson brought his action on October 7, 2020, more than three years after the August 22, 2017 disciplinary hearing. *Doc. 54 at 5–6*. Defendants also argue that Anderson has failed to state a claim upon which relief may be granted. *Id. at 7–8*.

In his Response, Anderson argues that, at the latest, the three-year statute of limitations began to run on November 9, 2017—the date Defendant Kelley rejected his final appeal of the disciplinary—and that his October 7, 2020 Complaint was filed within the three-year statute of limitations. *Doc. 72 at 6.* Anderson also argues that, because the Eighth Circuit and this Court allowed him to proceed on his procedural due process claim, Defendants' "failure to state a claim" defense is "barred by the doctrine [of] res judicata." *Doc. 72 at 10*.

Because the Court finds that Anderson has failed to state a procedural due process claim, the court need not reach the statute of limitations issue.

### C. Anderson's Procedural Due Process Claim Should Be Dismissed for Failure to State Facts Upon Which Relief May Be Granted

Defendants argue that Anderson's procedural due process claim fails because, on the face of the Complaint, Anderson alleges that he has received all process he is due under *Wolff v. McDonnell*, 418 U.S. 539 (1974). *Id.* The Court agrees that Anderson has failed to state a claim, albeit for a different reason.

Under the Due Process Clause, prisoners "may not be deprived of life, liberty, or property without due process of law." *Wolff*, 418 U.S. at 556. In *Wolff*, the

6

Supreme Court discussed the heightened process prisoners are due when they have a *liberty* interest at stake, such as loss of good time credit. *Id.* at 558. Here, Anderson's remaining claim is that he was ordered to pay *$10,989.83 in restitution* without due process of law. *See Doc. 24 at 4*. Thus, Anderson claims he was deprived of *property* without due process of law and *Wolff's* heightened liberty interest analysis does not apply.

The Court assumes, for the sake of analysis, that prisoners are due the same process as ordinary citizens before being deprived of their property. *See Wolff*, 418 U.S. at 555–56 (noting that "[l]awful imprisonment necessarily makes unavailable many rights and privileges of the ordinary citizen" but that "[p]risoners may [] claim the protections of the Due Process Clause"). Under the Due Process Clause, *when feasible*, the state generally must provide "reasonably calculated notice" and "some kind of a hearing" before depriving a person of their property interest. *Zinermon v. Burch*, 494 U.S. 113, 127–28, 132 (1990); *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). However, where pre-deprivation process is not feasible, the Due Process Clause is not violated where "adequate state post-deprivation remedies are available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981).

Taking the facts in the Complaint as true, Anderson admits that he received notice of the disciplinary report, which alleged that he and other inmates damaged

state property "totaling $10,989.83." *Doc. 6 at 19*. The next day, Anderson was provided a hearing held on that disciplinary report. Anderson's mistaken belief that he could not be charged restitution for the property damage does not change the fact that he received "reasonably calculated notice" that he could be deprived of his property and was provided a hearing in which he could have objected to the allegations that he was involved in the property damage.

Anderson also cannot maintain his federal due process claim for the alleged loss of property because he has an adequate post-deprivation remedy under Arkansas law. *See Hudson v. Palmer*, 468 U.S. 517, 533–36 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981). Although the Claims Commission rejected Anderson's claim, it specifically noted that Anderson could continue to pursue his state remedies by bringing his claim in a "court of general jurisdiction." *Doc. 57 at 33*. Anderson does not allege that his state post-deprivation remedies are inadequate. Even if he did, any such allegation would be purely speculative. *See Hudson*, 468 U.S. at 535.

Here, Anderson was provided pre-deprivation process *and* adequate post-deprivation remedies. In short, Anderson was provided all the process he was due under the Due Process Clause and he has failed to state a claim upon which relief may be granted. Because Anderson is proceeding *in forma pauperis*, the Court "*shall* dismiss the case *at any time* if the court determines that the action…fails to state a

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphases added).

**D. The Doctrine of Res Judicata Does Not Apply**

As a final matter, Anderson's *res judicata* argument is without merit. Neither this Court nor the Eighth Circuit has held that Anderson's Complaint had stated a valid procedural due process claim. The Eighth Circuit specifically stated: "We do not decide whether Anderson properly stated a due process claim." *Doc. 24 at 4*. On remand, this Court found that "*For screening purposes only*," Anderson could proceed with his due process claims against Defendants. *Doc. 27-1 at 3, 5* (emphasis in original).

**III.  Conclusion**

Anderson received adequate notice and a hearing before being deprived of $10,989.83 in restitution. He also does not allege that his post-deprivation remedies under Arkansas law are inadequate. Accordingly, he has failed to state a procedural due process claim for deprivation of property and this case should be dismissed, without prejudice.

IT IS THEREFORE RECOMMENDED THAT:

1.    Defendants' Motion for Judgment on the Pleadings (*Doc. 53*) be GRANTED.

2.     Anderson's procedural due process claim for the deprivation of property be DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted.

3.     Judgment be entered accordingly.[1]

DATED this 3rd day of August, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] All of Anderson's other claims were previously dismissed without prejudice. *Doc. 10; Doc. 13; Doc. 24.*